# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2025

Lyle W. Cayce
Clerk

————————

No. 24-50890
Summary Calendar

————————

AL MOTECUHZOMA TASTALUCA BEY, *also known as* ALEXANDER
MANSE PARRA,

*Plaintiff—Appellant*,

*versus*

PROGRESSIVE INSURANCE COMPANY,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:24-CV-557

_____

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Al Motecuhzoma Tastaluca Bey, also known as Alexander Manse Parra, filed the underlying pro se federal complaint against Progressive Insurance Company, which, he alleged, failed to settle his valid personal injury claim. The district court granted him leave to proceed in forma

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

pauperis before dismissing his complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Bey appeals, and we review the district court's decision de novo. *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

In the district court, Bey raised claims associated with the "sovereign citizen" movement, alleging that his status as an "indigenous free sovereign Moor" entitled him to protections under the Moroccan-American Treaty of Peace and Friendship and the United Nations Declaration on the Rights of Indigenous People. *Cf. Bey v. Prator*, 53 F.4th 854, 858 & n.7 (5th Cir. 2022); *United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir. 2016). To the extent that he did not abandon these arguments on appeal by failing to brief them, *see Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993), Bey has not shown any error in the district court's conclusion that these claims are "based on an indisputably meritless legal theory" and, therefore, are frivolous. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (internal quotation marks and citation omitted).

Bey's complaint also alleged that Progressive breached a valid insurance contract by refusing to pay his personal injury claim. The facts alleged in Bey's filings were not clearly baseless, *see Rogers*, 709 F.3d at 407, and, moreover, give rise to a facially plausible ground for relief, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the district court erred by dismissing Bey's breach of contract claim against Progressive. *See Samford*, 562 F.3d at 678.

Accordingly, we AFFIRM the district court's dismissal of Bey's complaint in part, VACATE the dismissal of Bey's breach of contract claim, and REMAND for further proceedings as to that claim. We express no opinion on the merits of the case.

2